## CITY OF CAPE GIRARDEAU, Missouri, Appellant,

v.

## Donna Charlene Kassel JETT, et al., Respondents.

### No. 62057.

Missouri Court of Appeals, Eastern District, Division Three.

April 20, 1993.

Jeffrey P. Dix, Jackson, for appellant.

Walter S. Drusch, Marcia A. Mulcahy, Cape Girardeau, for respondents.

SMITH, Judge.

City of Cape Girardeau appeals from the order of the trial court dismissing its petition for condemnation of real estate located outside its municipal boundaries but within the same county. The condemnation was sought for "construction of storm water detention and drainage facilities and for channel improvements to Cape LaCroix Creek and Walker Branch and for maintaining, repairing and/or constructing said improvements for flood and drainage control and for parks and recreational uses and for ingress and egress to the work sites and the recreational areas for the residents of the City...." Defendants are owners of the property sought to be condemned. Defendants moved to dismiss the petition for lack of jurisdiction because, they claim, the City lacks the authority to condemn land outside its municipal boundaries. We reverse and remand.

The sole issue posed on appeal by both sides is whether the City has authority to condemn land outside its territorial municipal boundaries. Cape Girardeau is a constitutional charter city. *Cape Motor Lodge, Inc. v. City of Cape Girardeau*, 706 S.W.2d 208 (Mo. banc 1986) l.c. 209. Article 6, § 19(a) of the Missouri Constitution provides:

Any city which adopts or has adopted a charter for its own government, shall have all powers which the general assem-

---

bly of the state of Missouri has authority to confer upon any city, provided such powers are consistent with the constitution of this state and are not limited or denied either by the charter so adopted or by statute. Such a city shall, in addition to its home rule powers, have all powers conferred by law.

The General Assembly has authority to allow cities to condemn land outside their territorial limits. See § 81.190 R.S.Mo. 1986.

The Charter of Cape Girardeau Section 202 provides:

The city shall have all powers which the General Assembly of the State of Missouri has authority to confer upon any city, provided such powers are consistent with the constitution of the state and are not limited or denied either by this charter or by statute. The city shall, in addition to its own home rule powers, have all powers conferred by law.

The Constitution has granted the City all powers which could be granted to it by the General Assembly and the authority to condemn is such a power. The City Charter has vested the City with all powers which the general assembly has the power to confer upon any City. Both the Constitution and Charter limit that broad grant of powers to those consistent with the Constitution and which *are not limited or denied either by the charter so adopted or by statute.* Nothing in the charter limits or denies the power of eminent domain within or without the municipal boundaries to the City. Nor is such a power inconsistent with the Constitution.

We turn then to whether any statute prohibits such power. Defendants point to § 82.240 which was passed in 1939, long before the adoption of Art. 6, § 19(a) in 1971. That statute provides:

It shall be lawful for any such [constitutional charter] city *to make provision in its charter,* or by amendment thereof, to acquire and hold by gift, devise, purchase or by the exercise of the power of eminent domain by condemnation proceedings, lands for public use, either within the corporate boundaries of such city or outside of such corporate bound-

aries, and within the territorial limits of the county in which such city may be situated, for public parks, cemeteries, penal institutions, hospitals, rights-of-way for sewers, or for any other public purpose, and to provide for managing, controlling and policing the same. (emphasis added).

Defendants contend that the emphasized language constitutes a prohibition against the utilization of eminent domain power by a City in the absence of an express provision in the charter of that power. They treat the statute as a limitation on the power of the City. In *State ex inf. Hannah v. City of St. Charles,* 676 S.W.2d 508 (Mo. banc 1984) [1] the court discussed at length the impact of Article 6 § 19(a) on charter cities:

We have always adhered to the view that the charter of a home rule municipality, subject to certain limitations, is the organic law of the municipality. However, prior to the adoption of § 19(a), the powers which a home rule municipality could exercise through the constitutional grant of a right to adopt a charter, were limited to those powers which the people of the city expressly delegated to the city under the charter and those powers given by statute. Section 19(a) clearly grants to a constitutional charter city all power which the legislature is authorized to grant. Under Missouri's new model of home rule, even in the absence of an express delegation by the people of a home rule municipality in their charter, the municipality possesses all powers which are not limited or denied by the constitution, by statute, or by the charter itself. The principal drafter of section 19(a) described the present role of a home rule charter under the amendment as follows:

"[M]unicipal powers now come directly to the city from the constitution unless the charter rejects the powers or limits them in some way. In the past, powers came to the city through both the constitution and the charter. In order to cause the power to flow from the constitution, it was necessary for the city to claim the power by mentioning it in the charter. Thus in the past the

charter could be thought of as a receptacle designed to catch and hold powers; after amendment the charter is best thought of as a shield designed to hold back powers that otherwise would automatically vest in the city...."

*Id.* (citations omitted).

With this historic background it can be seen that § 82.240 was not a limitation on municipalities but rather a grant of authority which could be exercised under the law then in existence only by an express statement in the charter. The statute spelled out the requirement that the power be specified in the charter in order to authorize the power not to limit it. The change wrought by § 19(a) now makes an express statement of the power unnecessary. Under the law as explained in *Hannah, supra,* it is now only necessary for the charter to claim such powers as are allowed by the constitution and not denied by statute. Section 82.240 does not prohibit the power of eminent domain by a charter city, it authorizes it. The City has by its charter claimed any powers which the General Assembly has authority to confer. That includes the power of eminent domain within or without its corporate boundaries. The requirements of the statute are satisfied by the charter claiming all powers which the General Assembly has authority to confer. Section 82.240 does not impinge upon the condemnation sought by the City.

Defendants also rely upon an opinion of the Attorney General. *Vanlandingham,* Op.Atty.Gen. No. 299 (Nov. 21, 1967). That opinion dealt with the power of the City of Columbia, a charter city, to acquire by eminent domain land outside the county in which it was located. That opinion does not deal with the factual situation before us.

Order dismissing City's petition for condemnation is reversed and the matter is remanded for further proceedings.

GARY M. GAERTNER, P.J., and STEPHAN, J., concur.